IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW A. LEUCK, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>LORIE DAVIS, Director, TDCJ-CID, )<br>    Respondent. ) | No. 3:15-CV-3059-D |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner is a Texas state prisoner. He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

On October 17, 2006, Petitioner pled guilty to possession of a controlled substance in a drug-free zone and was placed on ten years deferred adjudication probation. *State of Texas v. Matthew A. Leuck*, No. F40255 (18th Jud. Dist. Ct., Johnson County, Tex., Oct. 17, 2006). Petitioner did not file an appeal.

On May 27, 2014, the State filed a motion to revoke probation. On September 9, 2014, the Court revoked Petitioner's probation and sentenced him to six years in prison.

On June 29, 2015, Petitioner filed a state habeas petition. *Ex parte Leuck*, No. 83,597-01. On August 5, 2015, the Court of Criminal Appeals denied the petition without written order.

On September 12, 2015, Petitioner filed the instant § 2254 petition. He argues:

1. His conviction was the result of an unlawful search and seizure;

2. The prosecutor committed misconduct by coercing him to plead guilty;

3. His guilty plea was the result of ineffective assistance of counsel and coercion by counsel; and

4. He received ineffective assistance of counsel when counsel failed to challenge the insufficiency of the evidence and failed to investigate.

On December 10, 2015, Respondent filed a preliminary response arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition is barred by limitations.

II.

A. **Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

Petitioner challenges his October 17, 2006, conviction. He did not appeal his conviction. The conviction therefore became final thirty days later on November 16, 2006. *See* Tex. R. App. P. 26.2(a); *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 16, 2007, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 29, 2015, Petitioner filed a state habeas application. This petition was filed after the statute of limitations expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by November 16, 2007. He did not file his petition until September 12, 2015. His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

---

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because he was not represented by a lawyer, and he had limited access to the law library. These claims, however, do no not entitle Petitioner to equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, a prisoner's pro se status, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the AEDPA context). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 25 day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-